### WALLACE v. WORNER.
### No. 14458.

Court of Appeal of Louisiana. Orleans.
March 27, 1933.

John J. Wingrave, of New Orleans, for appellant.

Puneky & Barrios, of New Orleans, for appellee.

JANVIER, Judge.

Plaintiff alleges that for several years he and Lizzie Worner, sometimes known as Lizzie Wallace, lived together, though they were not legally married, and that during that time a bank account was maintained in a savings bank in this city.

He charges that the balance in the bank at the time this suit was filed belonged jointly to defendant and himself and that the funds deposited were produced almost entirely by his labor, and he claims one-half of the said funds. He obtained a writ of sequestration under which the constable of the First city court was ordered to impound one-half of the said balance in the said account, which one-half plaintiff alleged amounted to $300.

· The defense is that the money belonged to defendant and that it was accumulated by her as a result of her own personal labor.

■ The evidence shows that there was not $600 in the fund, but an amount substantially less than this sum. It further shows conclusively that defendant was at no time in position to accumulate from her own earnings any substantial amount of money, she having been employed at very short intervals as a domestic servant and at a very moderate rate of pay. It also appears that she had no other means of acquiring money. In fact, in her own testimony she admits that practically all of the deposits made in the said bank account were produced by plaintiff, but she states that the money was given to her as a present.

This is denied by plaintiff, who testified that during the time he and defendant were living together he turned over to her all his earnings and that she paid the living expenses of both and deposited what remained in the savings account, which, for a large part of the time, was in their joint names, but that the said account was later placed under defendant's control. In her answer defendant did not contend that the funds—except for the small initial deposit—had been given to her as a donation, her position being that the accumulation of money resulted from her own labors.

In view of the evidence and since our brother below found in favor of plaintiff, we cannot do other than affirm his judgment in so far as it recognizes plaintiff's right to one-half of the fund.

■ When the matter was submitted to us it appeared that defendant had died since the judgment was rendered below and in this court there have been filed affidavits and other documents having for their object the substitution, in place of the original defendant, of Millie Lee and Herbert Lee, mother and father, and Robert Lee and Beatrice Milton, brother and sister, of the original defendant, Lizzie Worner. Of course we cannot fix the respective rights among themselves of the heirs of the original defendant to the other one-half of the fund, but, in view of the proof before us, we are justified in recognizing the right of plaintiff to substitute the heirs of the original defendant and to proceed with his suit against them.

■ Counsel for plaintiff, in argument before us, contended that plaintiff should be permitted to amend his petition and claim the entire fund because, while he, during the life of his former concubine, was willing to permit her to have one-half of the fund and therefore only sued for one-half, he himself was really the owner of the entire amount and is now unwilling to share it with strangers, even though those strangers are the heirs of the former concubine.

Having at first claimed only one-half of the fund, he will be considered as having waived any rights he may have had to the other one-half and he cannot now be heard to claim that other one-half.

It is ordered, adjudged, and decreed that the judgment appealed from be and it is amended to the extent that there are substituted, as parties defendant and in the place and stead of Lizzie Worner or Lizzie Wallace, Herbert Lee, Millie Lee, Robert Lee, and Beatrice Milton. In all other respects the judgment is affirmed, at the cost of defendants.

Amended and affirmed.